SUMMONS ISSUED

CV 13 0616

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 01 2013 ★

LONG ISLAND OFFICE

CRYSTAL C. BROOMES on behalf of himself and
all other similarly situated consumers

                Plaintiff,

    -against-

DYNIA & ASSOCIATES, LLC

                Defendant.

WEINSTEIN J
POHORELSKY, M.

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Crystal C. Broomes seeks redress for the illegal practices of Dynia &
Associates, LLC in which it unlawfully engaged in the collection of consumer debts in
violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*
("FDCPA").

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the
FDCPA.

4.    The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer
debt.

5.    Upon information and belief, Defendant's principal place of business is located within
Chicago, Illinois.

-1-

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Crystal C. Broomes

10.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.   On or about December 12, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12.   Said letter states in pertinent part as follows: "Your account has been placed with our office to seek a voluntary resolution with you for the Total Amount Due on your account. Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve your Current Balance of **$1,856.44** for only **$1,299.51!!!** (Unless it has been paid). If you cannot pay the amount due today, please call us at 1-877-685-5791 to discuss further arrangements.

Please note that your account has been placed with us to seek a voluntary resolution. If you fail to contact this office, and such, a voluntary resolution is not reached; our client

will remove this account from our office and may consider additional remedies to recover the outstanding debt. This offer shall be considered rescinded upon the removal or recall of your account to our client..."

13. Said language is a threat to take unintended legal action.

14. Defendant violated 15 U.S.C. § 1692e(5) of the FDCPA by threatening to take action against Plaintiff even though Defendant has not and does not intend to take such action.

15. The said December 12, 2012 letter also states in pertinent as follows: "Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt or any portion thereof, within thirty days of the receipt of this letter, we may assume that such a debt is valid. If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or any related judgment against you, and mail the documentation to you. And, if within the same period, you request in writing the name and address of you original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too."

16. Said language does not set forth sufficiently and clearly that the Plaintiff has the right and deadline to dispute the debt in writing within the initial thirty day period as required by 15 U.S.C. § 1692g.

Section 1692g(b) of the FDCPA states, "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). "Importantly, the FDCPA does not

assume that the recipient of a collection letter is aware of h[is] right to require

verification of the debt. Instead, the statute requires the debt collector to inform the

debtor of his rights by sending him a `validation notice' with the initial dunning letter (or

within 5 days thereafter)." Owens v. Hellmuth & Johnson, PLLC, 550 F. Supp. 2d

1060,1064(D. Minn. 2008). (One of the reasons for requiring notice is to "ensure that

debt collectors [give] consumers adequate information concerning their legal rights."),

Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988), quoting

S. Rep. No. 382, 95th Cong. 2d Sess. 4, reprinted in 1977 U.S. Code Cong. & Admin. 17

News 1695, 1702). (However, if the consumer fails to contact the debt collector within

30 days these rights are lost forever. Id. It is therefore in the interest of an unscrupulous

debt collector to not actually alert the consumer to his or her rights. Overshadowing

occurs not only when the validation notice contains contradictory language, but also

when the overall tenor, form, and context of the communication would mislead the least

sophisticated debtor and encourages him to disregard his rights.), Terran v. Kaplan,109

F.3d 1428, 1432 (9th Cir.1997); see also Voris v. Resurgent Capital Services, L.P., 494

F. Supp. 2d 1156,1163 (S.D.Cal. 2007). See also Russell v. Equifax A.R.S., 74 F.3d 30

(2d Cir. 1996). (A notice is overshadowing or contradictory if least sophisticated

consumer would be confused as to the consumer's rights. Thus, it makes sense that

under the FDCPA, notice of the thirty-day validation period is mandatory, but is not,

under every circumstance, sufficient to satisfy § 1692g(a); a debt collector must

"effectively convey" the notice to the debtor.), Smith v. Computer Credit, Inc., 167 F. 3d

1052, 1054 (6th Cir. 1999). (To determine whether a debt collector has "effectively

-4-

conveyed" the validation notice, the United States Court of Appeals for the Third Circuit applies the "least sophisticated debtor" standard. The FDCPA is to be interpreted in accordance with the "least sophisticated debtor" standard.), See Clark Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir.2006). (The least sophisticated debtor standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor."), Smith,167 F.3d at 1054, quoting Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1227 (9th Cir. 1988)).

17.  In this case, when confronted with Dynia & Associates, LLC's letter, the Defendant's omission of the 15 U.S.C § 1692g required language could lead the least sophisticated consumer to believe that he has longer than thirty days to dispute the debt in writing which is not the case.

Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.), Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the

Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor.) See U.S. v. National Financial Services, 98 F.3d 131, 139 (4th Cir.1996), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2nd Cir.1996), Miller v.Payco-General Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir.1991), Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222, 1226 (9th Cir. 1988).

18. In addition, the Defendant's letter also stated: "The law does not require our client to wait until the end of the thirty day period before pursuing their contractual rights against you to collect this debt..."

19. Such language is deceptive and misleading, as the Defendant nor the creditor do not commonly take legal action within the thirty day period and did not intend to do so in this matter.

20. Defendant's letter is in violation of 15 U.S.C. §§ 1692g, 1692e(5) and 1692e(10) for failing to accurately set forth the dispute and verification rights and for engaging in deceptive and falsely threatening practices.

21. The said December 12, 2012 letter continues to state: "Our client may provide information to credit bureaus about an insolvency, delinquency, or late payment, or default in your account to include in your credit report as allowed by law."

22. Upon information and belief, Defendant did not intend to report Plaintiff's account to credit bureaus in the detailed fashion as represented by the above quoted language.

23. The Defendant's said statement that it would report the account to credit bureaus in the

detailed fashion as set forth was a tactic to scare Plaintiff and the least sophisticated consumer into paying the debt.

24.   The Defendant's said statement was therefore a threat to take an action not intended to be taken by the Defendant, in violation of the FDCPA, 15 U.S.C. § 1692e, 1692e(5), 1692e(8) and 1692e(10).

25.   The Defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(10).

26.   Said letter also stated: "Please note that a 3% credit card processing fee will be applied to your payment amount."

27.   The notification and collection of a 3% credit card processing fee is unlawful. *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant, collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.)

28.   Defendant's processing fee demand is in violation of 15 U.S.C. § 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

-7-

29.      Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty-nine (28) as if set forth fully in this cause of action.

30.      This cause of action is brought on behalf of Plaintiff and the members of three classes.

31.      Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint concerning Crown Asset Management, LLC; (a) the collection letter was sent to a consumer seeking payment of a consumer debt; and (b) the collection letter was not returned by the postal service as undelivered; (b) the Defendant threatened to take any action that cannot legally be taken or that is not intended to be taken by Defendant and for contradicting the Plaintiff's right to dispute the debt for the entire initial thirty day period, in violation of 15 U.S.C. §§ 1692e(5), 1692e(10), 1692g.

32.      Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff, sent within one year prior to the date of the within complaint (a) the collection letter was sent to a consumer seeking payment of a consumer debt purportedly owed to Crown Asset Management, LLC; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Defendant made false threats of credit reporting in violation of 15 U.S.C. §§ 1692e, 1692e(5), 1692e(8) and 1692e(10).

33.      Class C consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in

substantially the same form as the letter sent to the Plaintiff on or about December 12, 2012 sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f(1) and 1692e(2) for making a false representation that it was entitled to receive compensation for payment by credit card.

34.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a)   Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b)   There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c)   The only individual issue involves the identification of the consumers who received such collection letters (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d)   The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e)   The Plaintiff will fairly and adequately represent the class members'

interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

35.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36.    If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37.    Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

38.    The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

39.    Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

-10-

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
January 31, 2013

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-11-



# Dynia & Associates, LLC

4849 N. Milwaukee Avenue
Suite 801
Chicago, IL 60630

| D&A # | Original Creditor | Current Creditor | Original Account # | Current Balance | Settlement Offer |
|-------|------------------|------------------|-------------------|-----------------|------------------|
| 971022 | WellsFargo | Crown Asset Management, LLC | XXXXXXXXXXXX8357 | $1,856.44 | $1,299.51 |

Phone: 773-902-1130  •  Toll Free: 1-877-685-5791
Fax: 773-482-6200  •  Web: www.dyniallc.com

Hours of Operations:    M-Th 8 am – 9 pm CST
Fri 8 am – 5 pm CST
Sat 8 am – 12 pm CST

C Broomes
4701 Snyder Ave Apt C1
Brooklyn, NY 11203-4369

3573

December 12, 2012

Dear C Broomes:

Your Account has been placed with our office to seek a voluntary resolution with you for the Total Amount Due on your account. Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve your Current Balance of **$1,856.44** for only **$1,299.51!!!** (unless it has already been paid). If you cannot pay the amount due today, please call us at 1-877-685-5791 to discuss further arrangements.

Please note that your account has been placed with us to seek a voluntary resolution. If you fail to contact this office, and such a voluntary resolution is not reached, our client will remove this account from our office and may consider additional remedies to recover the outstanding debt. This offer shall be considered rescinded upon the removal or recall of your account by our client. Please also note that the current creditor may be different from the original creditor as the debt may have been sold.

Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt, or any portion thereof, within thirty days of the receipt of this letter, we may assume that such debt is valid. If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or any related judgment against you, and mail such documentation to you. And, if within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

The law does not require our client to wait until the end of the thirty day period before pursuing their contractual rights against you to collect this debt. If, however, you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

Our client may provide information to credit bureaus about an insolvency, delinquency, late payment, or default in your account to include in your credit report as allowed by law.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

***detach below and return in the enclosed envelope with your payment***

4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

| We accept the following Or call to make a payment 877-685-5791 | | ☐ VISA | ☐ |
|---|---|---|---|
| Card Number | | Expiration Date | |
| Cardholder Zip Code | Last 3 Digits on the BACK of Card → | Verification Code | |
| Cardholder's Signature | | | |
| Contact Number | | Payment Amount $ | |

*Please note that a 3% credit card processing fee will be applied to your payment amount.
**We do not accept credit cards in the states of CT, CO, ID, MA, MN, WA, and WI.**

| D&A # | Current Balance | Settlement Offer |
|-------|-----------------|------------------|
| 971022 | $1,856.44 | $1,299.51 |

C Broomes
4701 Snyder Ave Apt C1
Brooklyn, NY 11203-4369

Make your check or money order payable to:
Dynia & Associates, LLC
4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

...vide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your ...o process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be ...from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.